Dear President Hughes:
On behalf of the Ascension Parish Government you have requested our office review Opinion No. 06-0025 in light of Act 806 of the 1982 Legislature. Because Act 806 was not specifically mentioned in the previously issued opinion, you ask if Act 806 was considered and if not, what impact, if any, Act 806 has on Opinion No. 06-0025. The questions presented in Atty. Gen. Op. No. 06-0025 were whether:
 (1) The governing authority of the parish may override decisions of the East and West Ascension Gravity Drainage Districts; and
 (2) If not, what steps, if any, may the governing authority take to exercise control over the parish-wide drainage decisions?
The opinion concluded La. Const. Art. VI, Sec. 15 and Ascension Parish Home Rule Charter section 4-12(h), give the Ascension Parish Council general power over the agencies it creates.[1] The opinion provides:
 Accordingly, Art. VI, Section 15, Section 4-12 of the Ascension Parish Charter and sound legal reasoning support the proposition that the Ascension Parish Council has general power over any agency, including drainage districts, it creates. In practical terms, the Parish Council may pass an ordinance to abolish, trump or nullify the action of drainage districts. In matters financial, the drainage districts, according to both the Constitution and Charter, must seek from the Parish Council, prior approval, before it levies any tax or charge or issues any bond. The powers enumerated above in the Constitution and the Charter are specifically reserved to the Parish Council, and not the President. *Page 2 
Act 806 of the 1982 Regular Session amended Section 3 of Acts 1948, No. 91 of the Louisiana Legislature and provides as follows:
 Section 3. Police jurors who represent that portion of Ascension Parish included in the East Ascension consolidated gravity drainage district shall ex-officio constitute the board of commissioners of such consolidated gravity drainage district, and the police jurors who represent that portion of said parish included in the West Ascension consolidated gravity drainage district shall ex-officio constitute the board of commissioners of such consolidated gravity drainage district, and the domicile of the Board of Commissioners of such Consolidated Gravity Drainage Districts shall bet he Parish Seat of the Parish of Ascension. The police jury shall, by resolution, designate the time and place for the first meeting of the board of commissioners of each of said consolidated gravity drainage districts, and the boards of commissioners of such consolidated districts and the officers thereof shall be appointed in accordance with law, and they shall perform such duties as are usually required as officers of corporate bodies.[2]
Act 806 of the 1982 Regular Session does not change the outcome or result of Atty. Gen. Op. No. 06-0025. Like Act 1948, No. 91, Act 806 of the 1982 Regular Session continues to make police jurors the board of commissioners for the consolidated gravity drainage districts. The only change made by Act 806 was the authorization for two boards of commissioners (one made up of those police jurors representing the portion of Ascension Parish included in the East Ascension consolidated gravity drainage district, and the other comprised of the police jurors who represent that portion of Ascension Parish included in the West Ascension consolidated gravity drainage district) as opposed to a single board of commissioners comprised of the entire Ascension Parish Police Jury (which was the case in Act 91 of the 1948 Regular Session). The board of commissioners still maintain the authority to "perform such duties as are usually required of the officers of corporate bodies" and "shall have full power and authority to do any and all things necessary and incidental to carry out the purposes of this Act." Acts 1948, No. 91, Sections 3 4. It is, therefore, still the case that the Ascension Parish Council (which is the "governing authority" pursuant to Ascension Parish Charter § 4-01) has general power over the consolidated drainage districts based on La. Const. Art. VI, Section 15 and Section 4-12 of the Ascension Parish Charter. *Page 3 
This office is therefore of the opinion that Act 806 of the 1982 Regular Legislative Session does not alter, change or impact the conclusions set forth in Opinion 06-0025.
We trust that this answers your inquiry.
Very Truly Yours,
 CHARLES C. FOTI, JR. Attorney General
 By:_______________________ RICHARD L. MCGIMSEY Assistant Attorney General Public Finance Contracts Section
[1] Section 4 of the Charter is titled "Governing Authority." Section 4-12(h) provides: "Without limitation of the foregoing authority or other powers given to it by the charter, the governing authority may: (h) By ordinance, establish, merge, reorganize, consolidate and/or abolish special districts within which may be provided by . . . drainage."
[2] The words with a strikethrough represent the portion of Acts 1948, No. 91 that was repealed. The words in italics show the amended version of Section 3 in Acts 1982, No. 806. The remaining portion of Section 3 is the same in Acts 1982, No. 806 and Acts 1948, No. 91.